IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALLEN BEDYNEK STUMM,

|  |  |  |
|---|---|---|
|  | Plaintiff, | OPINION AND ORDER |
| v. |  | 12-cv-57-wmc |
| ERIC K. SHINSEKI, |  |  |
|  | Defendant. |  |

---

Plaintiff Allen Bedynek Stumm alleges in this proposed civil action that the Secretary of the United States Department of Veterans Affairs, Eric K. Shinseki, violated the Equal Pay Act of 1963, 29 U.S.C. § 206, and the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 *et seq.* Stumm asks for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915. Based on the financial affidavit Stumm provides, the court concludes that he is unable to prepay the fee for filing this lawsuit. The next step for the court is to determine whether Stumm's proposed action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because the court concludes that it lacks subject matter jurisdiction over Stumm's claim, he will not be allowed to proceed.

ALLEGATIONS OF FACT

In addressing any pro se litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).  For purposes of this screening order, the court assumes these probative facts based on the allegations in his complaint:

- In March of 2001, the local human resources office of the Department of Veterans Affair announced a vacancy for a readjustment counseling specialist and Stumm applied for the position.  While Stumm's application was "certified" and he was interviewed, a younger female was ultimately hired.

- In February of 2004, the same position came open and Stumm again applied.  As before, his application was certified and he was interviewed, but again a younger female was hired.

- Stumm filed claims of age, sex, race and disability discrimination and retaliation with the Department's Office of Resolution Management.  After a hearing, it appears from the complaint, though it is not entirely clear, that an EEOC ALJ rejected his claim.

- Stumm appealed that decision.  The Office of Federal Operations Appeal reversed the ALJ's decision and entered the following order:

> The agency is ordered to take the following remedial actions:
> 1. Within sixty (60) days of receipt of this decision, the agency shall offer to retroactively place complainant into the position of Veterans' Readjustment Specialist, GS 9. Complainant shall have 15 days from receipt of the offer to accept or decline the offer.  Failure to accept the offer within 15 days will be considered a declination of the offer, unless the individual can show that circumstances beyond his control prevented a response within the time limit.

(Compl. (dkt. #1) p.4.)

- On April 9, 2008, the local veterans agency offered Stumm a readjustment counseling specialist position GS 9 to begin retroactive to April 22, 2005.  Stumm contends that this start date was still a full year after the position's original beginning date of April 22, 2004.

- On April 18, 2008, Stumm, in a letter to Vern Best, objected to the offer's effective date, but neither accepted nor declined it.  In the letter, Stumm stated, "I will accept the GS 11, no trial, benefits, as cited, as such would be in compliance with the OFO's intentions, decision, mandates, & resolutions."  (*Id.*)

- In response, the local veterans agency submitted a second offer, dated May 12, 2008, with a start date of May 3, 2004.

- Stumm contends that this second offer also was "deceptive" because the beginning date was one day later than that of the person who was hired in 2004, and that the offer had the wrong title of therapist, no promotion to GS 11, no step level or locality pay area adjustments.

- Stumm against objected to the offer, without accepting or declining it.

- On August 15, 2008, the Office of Resolution Management sent a follow up letter stating, "While the Agency's first two offers of employment failed to comply with the OFO Order, the record shows that these deficiencies were corrected, and on Aug 1, 2008, the Agency issued you another offer of employment containing the correct hire date and current grade."  (*Id.* at p.5.)

3

- Though his pleading is unclear, it appears that Stumm also objected to this third offer on August 25, 2008, complaining that it was for Step 4, rather than the Step 5 offered the original hiree in 2004.

- On December 4, 2008, Stumm received a final letter from the local veterans agency, advising "that as you failed to timely accept any of the positions offered to you, the Agency has withdrawn these offers." (*Id.* at 6.)


OPINION

In addition to the above allegations in the complaint, Stumm also attached a decision by the United States Equal Employment Opportunity Commission, Office of Federal Operations, dated November 15, 2011, in which the EEOC informs Strumm that his request for reconsideration of its June 22, 2011, decision was denied. (Dkt. #1-1.) The court may also consider this decision in screening Stumm's complaint. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). The background section of the decision appears largely consistent with the allegations in Stumm's complaint. The decision, however, contains additional information which makes clear that this court lacks jurisdiction over Stumm's civil action.

Pursuant to 42 U.S.C. § 2000e-5(f)(1), the decision provides: "You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision on both that portion of your complaint which the Commission has affirmed and that portion of the complaint which

4

has been remanded for continued administrative processing." (Dkt. #1-1 at p.5.) Plaintiff filed this lawsuit on April 30, 2012, 167 days after the date of that decision.

Even assuming that Stumm did not *receive* the decision until several days or even several weeks after its signature date, this means the significant lapse of time between the date of the letter and Stumm's filing of the present lawsuit renders this lawsuit untimely. Unfortunately for Stumm, the requirement that a lawsuit be filed within 90 days of the EEOC's final decision is not just a technical but a jurisdictional defect. In other words, this court is without jurisdiction to consider Stumm's complaint. *See Bobbitt v. Freeman Cos.*, 268 F.3d 535, 536 (7th Cir. 2001) (affirming district court's dismissal of discrimination claim for lack of jurisdiction because the complaint was filed more than 90 days after the EEOC notified plaintiff of right to sue). Accordingly, the court denies Stumm leave to proceed with his complaint and will dismiss the action.


ORDER

IT IS ORDERED that the complaint of plaintiff Allen Bedynek Stumm is dismissed for lack of subject matter jurisdiction. The clerk of court is directed to close the case.

Entered this 2nd day of December, 2013.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge