IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALLEN BEDYNEK STUMM,

    Plaintiff,

v.                                              Case No.: 12-cv-57-wmc

ROBERT A. MCDONALD,

    Defendant.

---

**DEFENDANT'S MOTION FOR A PROTECTIVE ORDER
AND FOR AN ORDER STAYING DISCOVERY**

---

Defendant, Robert A. McDonald, by his attorney, John W. Vaudreuil, United States Attorney for the Western District of Wisconsin, and Antonio M. Trillo, Assistant United States Attorney for said district, hereby moves this Court for an order pursuant to Rule 26(c) and 26(b)(2)(C)(iii) protecting Defendant from answering and responding to the discovery requests and staying discovery pending the resolution of Defendant's Motion to Dismiss.

    1.    On May 4, 2015, Plaintiff sent the discovery requests attached as Exhibit A to this motion to an employee of Defendant that is not authorized to accept service on behalf of Defendant. On March 6, 2015, Plaintiff contacted the same employee by phone asking for information and threatening to call him as a witness. On March 17, 2015, counsel for Defendant sent correspondence to Plaintiff stating that all communications with Defendant's employees should go through counsel for Defendant.

2.      Plaintiff's discovery requests were not served properly under the Federal Rules of Civil Procedure.

3.      Plaintiff's discovery requests relate to matters that are not relevant to the claims that the Court allowed Plaintiff to pursue in its September 11, 2014 Order.  The Court granted Plaintiff leave to proceed on Equal Pay Act claims based on Defendant's incorrect offers of employment.  Defendant made these offers of employment pursuant to a remedial order by the EEOC in an employment discrimination action prosecuted at the EEOC.  These discovery requests instead relate to Defendant's calculation of back pay ordered by the EEOC, payment issued for such back pay, and an Internal Revenue Service Form W-2 issued for such back pay.

4.      Because these requests were not served properly and because they relate to matters not subject to discovery under Rule 26(b)(1), Defendant moves for an order protecting Defendant from the burden and expense of answering and responding to the requests.

5.      Defendant further seeks an order pursuant to Rule 26(b)(2)(C)(iii) staying discovery pending the Court's ruling on Defendant's Motion to Dismiss.  Plaintiff's claims are not cognizable, and are time barred (and not subject to tolling).  (Def.'s Mem., ECF No. 14.)  Plaintiff refused to participate in the Court's Preliminary Pretrial Conference, and the Court issued an order setting out the schedule for the case without conferring with the parties.  (*See* Order, ECF No. 17.)  Defendant intended to ask the Court at the Preliminary Pretrial Conference for a stay of discovery pending the Motion to Dismiss, but was not able to do so.  An order staying discovery in this case is proper

because Defendant has a high likelihood of success on the merits, and because the burden and expense of discovery outweighs its likely benefit, "considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).  The Court has issued a similar order under similar circumstances.  *See, e.g., Sattelberg v. United States, et al.*, 12-cv-898, ECF No. 23 (W.D. Wis. Jun. 12, 2013).

For the foregoing reasons, Defendant respectfully request an order protecting Defendant from answering and responding to the discovery requests and staying discovery pending the resolution of Defendant's Motion to Dismiss.

Dated this 11th day of May, 2015.

Respectfully submitted,

JOHN W. VAUDREUIL
United States Attorney

By:

s/Antonio M. Trillo
ANTONIO M. TRILLO
Assistant United States Attorney
222 West Washington Ave, Suite 700
Madison, Wisconsin  53703
Telephone: 608/264-5158
Facsimile: 608/264-5724
TTY 608/264-5006
antonio.trillo@usdoj.gov