IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALLEN BEDYNEK STUMM,

                Plaintiff,                OPINION AND ORDER

v.

                                            12-cv-057-wmc

ROBERT A. MCDONALD,

                Defendant.

---

Plaintiff Allen Bedynek Stumm proceeding *pro se* was granted leave to proceed on an Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), claim against defendant Robert A. McDonald, the Secretary of the U.S. Department of Veterans Affairs. (9/11/14 Order (dkt. #9).) Plaintiff received a favorable decision by the Office of Federal Operations with a remedial action requiring the VA retroactively to place plaintiff into the position for which he has applied. (*Id.* at p.3.) Before the court is defendant's motion to dismiss plaintiff's claim on the basis that: (1) plaintiff has already sought enforcement of the order through administrative proceedings, limiting him to a *de novo* proceeding here for which he has not been granted leave to proceed (and even if granted leave, would be time-barred); and (2) plaintiff cannot pursue an EPA claim as a "prospective employee." (Dkt. #13.) For the reasons explained below, the court will deny defendant's motion in its entirety.

Also before the court are two motions by defendant for a protective order and for an order staying discovery. (Dkt. ##20, 25.) The court will grant defendant's motion for a protective order, but will deny his motion to stay discovery as mooted by the court's order on defendant's motion to dismiss. For the same reason, the court will deny

plaintiff's motion seeking an order barring interference by defendant's counsel in his attempts to seek discovery directly from VA employees. (Dkt. #26.) Finally, plaintiff has also recently filed a motion for assistance in recruiting *pro bono* counsel. (Dkt. #24.) Because plaintiff has failed to meet the prerequisite of demonstrating that he has requested representation from at least three attorneys who have denied his request, the court will deny plaintiff's motion at this time, but without prejudice to him refiling his request once he can make this threshold showing.[1]

OPINION

I. Defendant's Motion to Dismiss

Defendant's brief in support of his motion to dismiss Bedynek Stumm's complaint is succinct. Indeed, the argument section is limited to three pages. The brevity of defendant's motion is not in and of itself concerning -- there is no reason to waste paper if the bases for the motion have solid footing in the law. Here, however, defendant at worst misstates the law or at best is misleadingly ambiguous with respect to two areas of the law, both of which are central to defendant's motion. Likely, these errors could reflect simple sloppiness on the part of the United States Attorney representing defendant, rather than attempt to exploit the *pro se* status of plaintiff, hoping that the court would accept defendant's arguments at face value, which of court this court should

---

[1] Recently, plaintiff filed a motion for leave to amend his complaint and a proposed amended complaint. Despite their titles, the documents, however, appear to be further argument in opposition to defendant's motion to dismiss. As such, the court will deny plaintiff's motion to amend as moot. (Dkt. ##30, 31.)

be able to do. With that initial observation aside, the court will address defendant's two core bases for dismissal in turn.

### A. Availability of Enforcement Action

First, defendant contends that plaintiff must choose between either: (1) "petition[ing] the EEOC for enforcement of its order"; or (2) filing a civil action in a federal district court in which he "must re-litigate his claims - both liability and damages." (Def.'s Br. (dkt. #14) 3-4.) Defendant reasons that "[b]ecause Plaintiff cannot challenge the EEOC's remedy alone (or its decision on Defendant's compliance with the EEOC order), Plaintiff is left solely with a *de novo* review of his discrimination and retaliation claim," on which the court did not grant him leave to proceed on that claim. (*Id.* at 4.; *see also* Def.'s Reply (dkt. #19) ("[He] must re-litigate his discrimination claims, not just his claim that Defendant did not provide the remedy that the EEOC ordered.").)

In support of defendant's position that the only civil action available to plaintiff in federal court requires re-litigation of the prior finding of liability, defendant points to *Timmons v. White*, 314 F.3d 1229, 1231 (10th Cir. 2003), which defendant represents held "that plaintiff could not file a civil action to only challenge the remedy granted by the EEOC and that the district court must review liability and damages *de novo*." (Def.'s Br. (dkt. #14) 4.) To the contrary, in *Timmons*, the Tenth Circuit listed *three* options available to an aggrieved employee, which included "seek[ing] judicial review of the agency's refusal to implement the ordered relief." *Timmons*, 14 F.3d at 1232 (quoting 29 C.F.R. § 1614.503(g)). In other words, an employee is not solely limited to re-litigating

3

in federal court the prior finding of liability, rather the employee may sue for enforcement of the order, which is exactly what plaintiff has elected to do in this case.

Nor is the Tenth Circuit's decision in *Timmons* an outlier. While the Seventh Circuit has not addressed this question -- at least as far as this court could find -- other courts have uniformly embraced a federal action to enforce an order, as distinct from a *de novo* proceeding. As the Ninth Circuit explained in *Carver v. Holder*, 606 F.3d 690 (9th Cir. 2010), an employee who prevails on his claim in the administrative process "has two avenues in federal court." *Id.* at 696. "First the employee can bring an enforcement action against the agency." *Id.* In such an action, the sole issue is "whether the federal employee has complied with the . . . remedial order." *Id.; see also Laber v. Harvey*, 438 F.3d 404, 417 (4th Cir. 2006) (*en banc*) (describing right of aggrieved employee to "seek judicial enforcement of the OFO's underlying decision by filing a suit for 'enforcement of the [OFO's] decision'"); *Ellis v. England*, 432 F.3d 1321, 1324 (11th Cir. 2005) ("On conclusion of the administrative process, a federal employee who prevails may sue in a federal district court to enforce an administrative decision with which an agency has failed to comply."); *Eneje v. Ashcroft*, No. 02-5217, 67 F. App'x 901, 905, 2003 WL 21456259, at *4 (6th Cir. June 19, 2003) (describing "noncompliance claim"); *Taylor v. United States*, 80 Fed. Cl. 376, 381 (Fed. Cl. 2008) (describing "complainant's right to file a civil action for enforcement of the decision pursuant to" several federal statutes, including the EPA).

Relatively recently, the Federal Circuit also rejected the very argument defendant presents here:

4

> According to the Government, "[t]here is no provision [under EEOC regulations] that allows a federal employee to bring an enforcement action in district court if the EEOC has determined that the agency is in compliance with the EEOC's Final Order." *Id.* While there may not be an EEOC regulation that expressly authorizes judicial enforcement actions, the absence of an agency regulation does not per se determine the jurisdiction of a federal court to hear an appeal from the agency. Indeed, the regulations provide that "[a] complainant may petition the Commission for enforcement of a decision issued under the Commission's appellate jurisdiction." 29 C.F.R. § 1614.503(a) (emphasis added). Thus, the regulations clearly do not confine enforcement actions to the EEOC, as the Government contends. Simply because an employee chooses to initially pursue enforcement through the EEOC does not preclude her from later seeking enforcement in a court of competent jurisdiction.

*VanDesande v. United States*, 673 F.3d 1342, 1346 (Fed. Cir. 2012).[2]

Relatedly, defendant argues that a *de novo* Equal Pay Act claim is time-barred. (Def.'s Br. (dkt. #14) 5-6.) An EPA claim must be filed within two years from the alleged violation, *see* 29 U.S.C. § 255(a), and the filing of an administrative appeal or complaint does not toll the statute of limitations, *see* 29 C.F.R. § 1614.408. While defendant correctly restates the applicable statute and regulation, however, his argument only applies if plaintiff were pursuing (and only could pursue) a *de novo* review of defendant's offers of employment, which were all made before August 1, 2008. Instead, as described above, plaintiff is pursuing an enforcement action, and defendant fails to explain how that claim is untimely. *See Ellis*, 432 F.3d at 1324 (an enforcement action may be brought "[o]n conclusion of the administrative process"). (*See also* 9/11/14 Order

---

[2] Perhaps most disturbing, a rudimentary review of the *Timmons* case, or even a basic search in Westlaw for cases citing to the relevant regulation, would have revealed the availability of an enforcement proceeding in federal court, making defendant's failure to correctly state the law particularly troubling.

(dkt. #9) (describing November 11, 2011, letter from EEOC denying motion for reconsideration); Compl. (dkt. #1) (filed January 26, 2012).)

### B. EPA's Application to Prospective Employees

Defendant also seeks dismissal of plaintiff's EPA claim on the basis that plaintiff, as a "prospective employee," is not entitled to bring a claim under the EPA. (Def.'s Br. (dkt. #14) 5.) As an initial matter, defendant represents that plaintiff was "never employed by Defendant," without directing the court to any allegation in the complaint in support of this assumption. (*Id.*) This court was, however, under the impression from plaintiff's filing that he is (or at least was) an employee of the Department of Veteran Affairs, and that his claim concerns his application for a different position within the Department. Even if that impression is incorrect, defendant's representation that the plaintiff was never an employee falls well outside of the scope of the complaint. It is, therefore, not a proper basis for dismissal under Fed. R. Civ. P. 12(b)(6).

Putting that issue aside, defendant is again wrong on the law. Perhaps unsurprisingly, in support of his argument that "[t]he EPA does not extend to prospective employees," defendant cites to a single district court case from 1982. In particular, defendant represents that case held a "prospective employee given offer for more than female employee that was subsequently withdrawn could not assert an EPA claim because he was not an aggrieved employee." (Def.'s Br. (dkt. #14) 5 citing *Pecorella v. Oak Orchard Community Health Center, Inc.*, 559 F. Supp. 147, 149 (W.D.N.Y. 1982).) While the *Pecorella* court described the plaintiff "as a prospective employee," it did *not* hold that he lacked standing to pursue claims under the EPA because of it. Rather, the *Pecorella*

court explained that plaintiff lacked standing to pursue an EPA claim because the plaintiff was not the individual aggrieved by the alleged lower pay:

> Even assuming the truth of that allegation, it seems clear that the individual aggrieved by such action is the lower paid female employee and not the plaintiff. Such female employee is not a party to this action, nor is there any evidence that she feels she was unfairly discriminated against. Plaintiff has not alleged a cause of action under the Equal Pay Act.

559 F. Supp. at 149.

While this court could find no cases expressly holding that the EPA applies to prospective employees, this appears to be explained by the fact that until now no one even thought to argue otherwise. Indeed, courts routinely allow EPA claims premised on salary decisions for new hires or prospective employees. *See, e.g.*, *Dubowsky v. Stern, Lavinthal, Norgaard & Daly*, 922 F. Supp. 985, 993-94 (D.N.J. 1996) ("[W]hile an employer may in general vary salaries based on relative desire to hire a particular individual, this practice runs afoul of the EPA if that desire is motivated by the prospective employee's gender."). As such, the court rejects this basis for dismissal as a matter of law.

## II. Defendant's Motion for Protective Order and Discovery Stay

Defendant filed two motions for a protective order on the basis that: (1) plaintiff failed to serve his discovery requests on an employee of defendant, not authorized to accept service; and (2) plaintiff's requests fall outside of the scope of the claim for which he was granted leave to proceed. (Dkt. ##20, 25.) Relatedly, plaintiff filed a motion for

"cease and desist order" based on defendant's counsel's "interference" with plaintiff's efforts to contact VA employee Alan Bridges directly. (Dkt. #26.)

The court will grant defendant's motion for an order forbidding plaintiff from contacting Alan Bridges directly and deny plaintiff's motion on the same issue. Plaintiff will also be directed to serve any discovery requests on defendant's counsel of record.

As for the second part of defendant's motion, plaintiff is further directed to limit his discovery requests to those issues relevant to the enforcement action that is the subject of this lawsuit. As described above, plaintiff need not -- and will not be allowed -- to re-litigate the EEOC's finding of liability, nor its ordered remedy in this action. Rather, the only issue remaining in this court is whether the Agency complied with that order.[3]

### III. Plaintiff's Motion for Assistance in Recruiting Counsel

Civil litigants have no constitutional or statutory right to the appointment of counsel. *See, e.g., Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). Moreover, the court cannot simply "appoint" counsel to represent an indigent civil litigant; it merely has the discretion to recruit. Moreover, the court must exercise discretion in determining whether to recruit counsel *pro bono* to assist an eligible plaintiff who proceeds under the federal *in forma pauperis* statute. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent an indigent civil litigant *pro bono publico*."); *Luttrell*, 129 F.3d at 936.

---

[3] In the first motion for protective order, defendant also sought to stay discovery pending a decision on the motion to dismiss. That part of the motion will obviously be denied as moot.

In determining whether to recruit a volunteer attorney, the court must first find that plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful, or that he has been prevented from making such efforts. *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992).

To prove that appointment of counsel is necessary, therefore Bedynek Stumm must: (1) give the court the names and addresses of at least three lawyers who declined to represent him in this case; and (2) demonstrate his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's demonstrated ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007). With respect to the first requirement, plaintiff has only listed the name of one law firm who has turned down his request for representation. (Pl.'s Submission (dkt. #24) p.5.) Plaintiff must put forth evidence of at least two additional refusals before the court will consider whether the difficulty of this case exceeds plaintiff's ability.

ORDER

IT IS ORDERED that:

1) Defendant Robert A. McDonald's motion to dismiss (dkt. #13) is DENIED.

2) Defendant's motion for protective order and for order staying discovery (dkt. #20) is GRANTED as to defendant's motion for protective order, and DENIED AS MOOT as to defendant's motion for order staying discovery.

3) Defendant's motion for protective order (dkt. #25) is GRANTED.

4) Plaintiff Allen Bedynek Stumm's motion for assistance in recruiting counsel (dkt. #24) is DENIED without prejudice to refiling.

5) Plaintiff's motion for cease and desist order (dkt. #26) is DENIED.

6) Plaintiff's motion to amend complaint and proposed amended complaint (dkt. ##30, 31) are DENIED AS MOOT.

Entered this 26th day of September, 2016.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge