IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALLEN BEDYNEK STUMM,

            Plaintiff,

v.

ROBERT A. MCDONALD,[1]

            Defendant.

ORDER

12-cv-057-wmc

---

The court previously granted *pro se* plaintiff Allen Bedynek Stumm leave to proceed on an Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), claim against defendant Robert A. McDonald, the Secretary of the U.S. Department of Veterans Affairs. (9/11/14 Order (dkt. #9).) Subsequently, in denying defendant's motion to dismiss in part, the court further limited plaintiff to a so-called "enforcement action," in which he could seek judicial review of the VA's refusal to implement the EEOC's ordered relief. (9/26/16 Order (dkt. #32) (citing *Timmons v. White*, 314 F.3d 1229, 1231 (10th Cir. 2003)).) In response to that order, defendant filed a motion for reconsideration, or in the alternative for clarification, based on administrative records, which, while referenced in plaintiff's complaint, were not presented (at least, clearly) to the court. (Def.'s Mot. (dkt. #35).)

As described in defendant's briefing, and in readily available EEOC orders, of which this court takes judicial notice,[2] the EEOC determined that defendant *had* complied with

---

[1] The current Secretary of the Department of Veteran Affairs is David Shulkin. While the court would normally order substitution of the defendant, it need not do so here given the disposition of this case.

[2] The court may take judicial notice of the administrative record without converting defendant's motion to a motion for summary judgment. *See Bell v. City of Country Club Hills*, 841 F.3d 713, 716

its original order by offering plaintiff employment. *Bedynek Stumm v. Shineski*, EEOC Decision No. 0120111340, 2011 WL 2596958, at *6-7 (2011) (finding that the VA's third offer was at the proper grade and step level, in compliance with the EEOC's order). The EEOC concluded that "the Agency has complied with the requirement of the Commission's order in EEOC Appeal No. 0720060054 to offer Complainant employment, and has no duty under the order to employ Complainant. We find that the Agency has met its posting requirement under the order. Up to this point, the Agency has complied with paragraph 2 of the order which regards back pay, with interest and other benefits." *Id.* at *7. In short, the Department of Veterans Affairs made the ordered offer, and Bedynek Stumm simply refused the offer. *Id.* at 6-7.[3]

To bring an enforcement action, courts have held that an EEOC's finding of *non*compliance is a prerequisite. *See Carver v. Holder*, 606 F.3d 690, 697 (9th Cir. 2010) ("Because the administrative disposition before us includes a finding that the DOJ was in full compliance with the EEOC's order, the district court properly granted summary judgment to defendants."); *Timmons*, 314 F.3d at 1232 ("[I]f Mr. Timmons' action constituted an enforcement action, the lack of an EEOC determination of non-compliance, which is a prerequisite to such a suit, would have rendered the grant of summary judgment

---

(7th Cir. 2016) (citing *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998)).

[3] The Commission did require the VA to provide Bedynek Stumm "another opportunity," *id.* at *8, but there is no indication that the VA did not comply with this order, nor does Bedynek Stumm so argue in his opposition. If anything, Bedynek Stumm's most recent filing demonstrate the Agency's continued attempt to comply with the EEOC's order and remit ordered back pay. (*See* Pl.'s Mot. to Amend, Ex. 1 (dkt. 43-1).)

in favor of Defendant appropriate on that ground."). (*See also* Def.'s Br. (dkt. #35) 6 n.1 (listing district court cases similarly holding that a finding of noncompliance is a prerequisite for an enforcement action against an agency in federal court).) As such, the court agrees with defendant that an enforcement action is not available to plaintiff, and for reasons already explained, a *de novo* action is also time-barred. (*See* 9/26/16 Order (dkt. #32) 5.)

Finally, in apparent anticipation of this outcome, before the court are two motions by plaintiff to amend his complaint to add new claims against new defendants. In the first motion, plaintiff seeks to add claims for violations of the Civil Service Reform Act of 1978, against a VA employee, Abraham Rabinowitz. (Dkt. #43.) Even assuming such a private right of action exists, this motion simply reiterates his arguments as to how the VA miscalculated his grade, step and back-pay date already adjusted by the EEOC, and more importantly without explaining how these actions constitute a separation violation of the Civil Service Reform Act. In his second motion, plaintiff seeks to amend his complaint to add claims against other VA employers for obstruction of justice and witness tampering. (Dkt. #44.) Specifically, plaintiff complains that "Madison VA employees have been instructed to no longer communicate with [plaintiff] regarding this litigation." (*Id.* at 1.) As plead, however, plaintiff's claim appears to be made against the VA's counsel in this case for giving directions entirely consistent with the court's prior order, which forbid plaintiff from contacting VA employees directly, instead requiring him to serve discovery requests on defendant's counsel of record. (9/26/16 Order (dkt. #32) 8.)

Regardless, there is no basis for allowing either amendment. Most critically, neither proposed amendment addresses the fatal flaw in plaintiff's enforcement action as described above. Even if they did, both amendments fall well outside the claim this court screened to go forward against the defendant -- the VA itself through its Secretary. (Dkt. #9.)

Accordingly,

IT IS ORDERED that:

1) Defendant Robert A. McDonald's motion for reconsideration or in the alternative for clarification (dkt. #35) is GRANTED.

2) Plaintiff's complaint is dismissed and the clerk of court is directed to enter judgment in defendant's favor and close this case.

3) Plaintiff's motions for assistance in recruiting counsel, for a more definitive statement and to amend his claims are DENIED as moot.

Entered this 26th day of January, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge