IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALLEN BEDYNEK STUMM,

                Plaintiff,                OPINION AND ORDER

v.

                                                12-cv-057-wmc

ROBERT WILKIE, Secretary of Veterans
Affairs,

                Defendant.

---

On appeal, the Seventh Circuit affirmed in part and reversed in part this court's prior judgment in favor of the Secretary of Veterans Affairs[1] and remanded the case for further proceedings on plaintiff's age discrimination claim. (Dkt. #65.)  On remand, plaintiff has filed several motions for assistance in recruiting pro bono counsel. (Dkt. ##69, 70, 75.)  However, also before the court is defendant's motion for summary judgment on the basis that plaintiff's ADEA claim is time barred. (Dkt. #71.)  Because the court agrees that plaintiff's ADEA claim is time-barred as a matter of law, albeit one of first impression in this circuit, judgment must be entered in defendant's favor on that claim.  Thus, plaintiff's multiple requests for assistance in recruiting counsel are rendered moot, as well as unnecessary and ill-advised.

UNDISPUTED FACTS

The Equal Employment Opportunity Commission's final decision on the appeal from the Department of Veteran Affair's ("VA") final agency action was issued on February

---

[1] The court has substituted the current Secretary of Veterans Affairs Robert Wilkie for his predecessor.

20, 2008. *Bedynek-Stumm v. Nicholson*, EEOC Decision No. 0720060054, 2008 WL 559463 (Feb. 20, 2008) (Newman Decl., Ex. 1 (dkt. #74-1)). Neither plaintiff Bedynek Stumm nor the VA sought reconsideration of that decision. Instead, plaintiff sought enforcement of the Commission's decision. On June 22, 2011, the Commission ruled on plaintiff's petition for enforcement, rejecting it on the basis that the VA had complied with the Commission's February 20, 2008, final decision and order. *Bedynek-Stumm v. Shineski*, EEOC Decision No. 0120111340, 2011 WL 2596958 (June 22, 2011) (Newman Decl., Ex. 2 (dkt. #74-2)). Bedynek Stumm sought reconsideration of that decision, which was denied on November 15, 2011. (Compl., Ex. (dkt. #1-1).)

Plaintiff filed the present lawsuit on January 26, 2012.

## OPINION

### I. Summary Judgment

In its opinion and remand order, the Seventh Circuit indicated that this court "will need to decide an issue of first impression: whether the time to file an original federal action challenging the underlying discrimination runs anew from the Commission's final decision in an enforcement action, or whether such a claim may be filed only within 90 days of the Commission's initial remedial decision." (Dkt #65-1 at p.4.) In other words, is plaintiff's ADEA claim triggered by the Commission's February 20, 2008, decision, which reversed the VA's rejection of an administrative judge's finding of discrimination in violation of the ADEA, *or* is his claim triggered by the Commission's subsequent November 11, 2011, decision, which denied plaintiff's motion to reconsider the denial of his petition

2

for enforcement?

Generally speaking, as the court explained in prior orders on plaintiff's Equal Pay Act claim, a federal employee has two options for pursuing a civil action in federal court after having initially pursued an administrative remedy. An employee could (1) seek *de novo* review of his age discrimination claim, involving review of both the finding of discrimination and any remedy awarded, or (2) bring an enforcement action. (9/26/16 Op. & Order (dkt. #32) 3-4.) However, because the Equal Employment Opportunity Commission determined in this case that the VA was in compliance with its remedial order, plaintiff Bedynek Stumm has nothing to enforce. (1/26/18 Op. & Order (dkt. #47) 2-3.) *See also Carver v. Holder*, 606 F.3d 690, 697 (9th Cir. 2010) ("Because the administrative disposition for us includes a finding that the DOJ was in full compliance with the EEOC's order, the district court properly granted summary judgment to defendants."); *Timmons v. White*, 314 F.3d 1229, 1232 (10th Cir. 2003) ("[I]f Mr. Timmons' action constituted an enforcement action, the lack of an EEOC determination of non-compliance, which is a prerequisite to such a suit, would have rendered the grant of summary judgment in favor of Defendant appropriate on that ground."). Thus, plaintiff's *only* practical avenue of relief in federal court is to seek *de novo* review of his underlying age discrimination claim.

The timing of filing a civil action in federal court is governed by 29 C.F.R. § 1614.407(c),[2] which provides in pertinent part:

> A complainant who has filed an individual complaint . . . is authorized under title VII, the ADEA, the Rehabilitation Act, and Genetic Information Nondiscrimination Act to file a civil

---

[2] In its brief, defendant refers to this regulation as 29 C.F.R. § 1416.407(c), presumably having transposed two numbers, but the court assumes this was a simple mistake.

3

>action in an appropriate United States District Court:
>. . .
>(c) Within 90 days of receipt of the Commission's final decision on an appeal[.]

In his motion for summary judgment, defendant contends that the Commission's initial remedial decision -- for which neither party sought reconsideration -- triggered the 90-day clock under 29 C.F.R. § 1614.407(c). In support, defendant directs the court to *Laber v. Geren*, 316 F. App'x 266, 270 (4th Cir. 2009), in which the Fourth Circuit held that a merits decision on a discrimination claim was a "final" decision for purposes of § 1614.407(c), disregarding the date of a later decision on a petition for clarification on the agency's enforcement. In *Laber*, just as here, the Equal Employment Opportunity Commission reversed the agency's rejection of the federal employee's claim of discrimination and ordered that back pay be calculated as a remedy. 316 F. App'x at 268. The Fourth Circuit determined that it was this decision that constituted a "final decision of an appeal" and not the later decision by the Commission rejecting the plaintiff's motion for clarification, reasoning that "the present action does not seek to review the March 10, 2003, decision on the petition for clarification but rather for reconsideration of the merits and for additional remedies." *Id.* at 270. If anything, the facts here are stronger, since Bedynek Stumm did not even seek review of a denial of reconsideration or clarification by the Commission, but rather seeks *de novo* review of the Commission's original decision under the ADEA and resulting remedy awarded.

While few courts have considered this issue -- and the Fourth Circuit appears to be the only federal court of appeals to do so to date – so far, other district courts have similarly held that a "final decision" within the meaning of 29 C.F.R. § 1614.407(c) is the initial

4

decision on discrimination and remedies, rather than a subsequent decision on a motion for clarification or a petition to enforce the initial remedial decision. *See, e.g., Ross v. Brennan*, No. PWG-15-814, 2016 WL 3440279, at *4 (D. Md. June 23, 2016) (relying on *Laber* to conclude that plaintiff failed to file his complaint within 90 days of the initial decision on the USPS's liability); *Kloock v. Potter*, No. 04-73610, 2005 WL 1593448, at *2 (E.D. Mich. July 6, 2005) (finding claim time-barred where plaintiff failed to file federal action within 90 days of final decision on discrimination claim and rejecting argument that the court should instead consider date of decision on petition for enforcement); *Adcock v. Roche*, No. 5:04-CV-208(DF), 2006 WL 1285045, at *6 (M.D. Ga. May 5, 2006) (concluding that the "final decision" was the Commission's remedial decision, not the later decision on plaintiff's petition for enforcement); *Puckett v. Potter*, 342 F. Supp. 2d 1056, 1064 (M.D. Ala. 2004) (dismissing plaintiff's complaint in federal action as time-barred because it was not brought within 90 days of final decision on remedies, but rather from later enforcement decision).

In response to defendant's arguments and these cases, plaintiff posits four primary responses. *First*, plaintiff argues that the court should strike defendant's motion for summary judgment as untimely. On remand from the Seventh Circuit, however, this court reset the schedule, designating August 21, 2020, as the deadline for filing dispositive motions. (Dkt. #67.) Defendant's motion was filed with this court on that deadline. (Dkt. #71.) In his reply brief, defendant's counsel also represents that he physically mailed a copy of defendant's summary judgment submission the same day it was filed with the court, although plaintiff states in his opposition that he did not receive it until almost

5

seven days later.  Regardless, defendant complied with the court's order by *filing* the motion by the deadline.  Finally, although plaintiff's response was not due until September 21, 2020, he filed his opposition on September 16, 2020, undermining any credible claim that he was prejudiced by late receipt of the filing.  As such, the court will not strike defendant's motion as untimely.

*Second*, plaintiff recounts his efforts to obtain counsel, but recruitment of counsel would not have changed the outcome here, since it turns on a straightforward question of law, albeit one of first impression, as addressed further below.

*Third*, plaintiff seeks to relitigate his Equal Pay Act claim, casting aspersions on defendant -- even going so far as to claim that he is being stalked and asking for witness protection.  These arguments are not only specious on their face, but more importantly, superfluous to the narrow, legal issue presented in defendant's motion for summary judgment.

*Fourth*, plaintiff relies on the November 15, 2011, decision by the EEOC, which denied his motion for reconsideration of the Commission's decision rejecting his petition for enforcement, arguing that is the date triggering the 90-day period for filing this federal action.  In so arguing, however, plaintiff utterly fails to distinguish the cases cited above, or otherwise direct the court to any caselaw in support of his theory.  Nor given the court's extensive search does it seem at all likely that recruited counsel could have either.

Having rejected plaintiff's various arguments, the court will join the other courts that have considered this issue to date, and hold that for a *de novo* action, the "final decision" under 29 C.F.R. § 1614.407(c) is the Commission's decision on the merits of a

6

discrimination claim and any remedial order, rather than the decision on a later-filed petition for enforcement.

## II. Recruitment of Counsel

As noted, plaintiff Bedynek Stumm has filed several motions for assistance in recruiting pro bono counsel. Having found that plaintiff's remaining ADEA claim is time barred, these motions have been rendered moot. Still, the court will briefly address the reasons they were not granted earlier.

To begin, plaintiff should be aware that a *pro se* litigant does not have a right to counsel in a civil case. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). Instead, a district court has discretion to assist *pro se* litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Accordingly, a party who wants assistance from the court in recruiting counsel must meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). Specifically, Bedynek Stumm must show that (1) he is unable to afford counsel and (2) he made reasonable efforts on his own to find a lawyer to represent him. The court previously found that Bedynek Stumm qualified to proceed *in forma pauperis* (dkt. #3), and in his motion, plaintiff represents that he has contacted 10 law firms, but has been unable to secure counsel (dkt. #69 at 2).

However, Bedynek Stumm must also show that his is one of the relatively few cases where the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff," but instead whether the *pro se* litigant can "coherently present [his case] to the judge or jury himself." *Id*. at 655. The

7

court is cognizant that the legal issue on remand is one of first impression in this circuit and, as such, would weigh in favor of recruiting counsel. Unfortunately, plaintiff's submissions raise serious concerns as to whether the court would be successful in recruiting counsel, particularly in light of plaintiff's meandering and hyperbolic writing.

Given this, the court opted to review defendant's motion for summary judgment first. Having reviewed that motion, the cases cited by defendant's counsel, and having conducted its own research into this issue of first impression in the circuit, the court concludes that the recruitment of counsel was unnecessary and would not advance plaintiff's claim. Regardless, plaintiff's motions are denied as moot.

ORDER

IT IS ORDERED that:

1) Defendant's motion for summary judgment (dkt. #71) is GRANTED.

2) Plaintiff's motions for assistance in recruiting counsel (dkt. ##69, 70, 75) are DENIED.

3) The clerk's office is directed to enter judgment in defendant's favor and close this case.

Entered this 7th day of January, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge