Allen Bedynek Stumm,Plaintiff, v. Robert Wilkie,  CF 12cv57wmc
Secretary of Veterans Affiars,
Defendants,et al  18 2978

Allen Bedynek Stumm,
    Plaintiff,

vs

Robert Wilkie,Secretary,Department of Veteran Affairs,
    Defendant.

## Notice of Appeal

Notice is hereby given that Allen Bedynek Stumm in the referenced above named case,hereby appeals to the United States Court of Appeals for the Seventh Circuit from a Judgment In A Civil Case,To wit., Opinion and Order entered in the action on the 7th day of January 2021.

/s/Allen Bedynek Stumm,
Pro se,ifp

P O Box 44771,Madison,Wi
53744 4771

## Notice To Proceed Appeal in forma pauperis

The Court previously certified Appeal 18 2978 as compliant with FRAP 24(a)(3), and establishes an inability to pay the appeal filing fee in these matters. It is provided that the appeal is not taken in bad faith,specifically in the absence of pro bono representations,To wit.,the Court has confirmed 10 "...that he has contacted 10 law firms;" (actually an 11th on 5 Aug 2020,i.e.,David S DeHorse,LLC),and Wm. Morgan polled his entire firm of 31 associates,finding none-agreeing,and in sum, 71 Associates denied(pro bono)counsel.

Whereas,Appellant has been proceeding as pro se since April 2004,it appears reasonable that "...plaintiff's meandering and hyperbolic writing." (Conley,Dkt. 90,p 8 of 8,4),irrefutably demonstrates,the"the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it." Conley,p. 7 of 8,pr.3,2-3),Pruitt,503 F 3d at 654-55.

The Courts first impressions of "...meandering and hyperbolic writing", testifies as to the requisite need for Counsel,To wit., Judge Conley presented,To wit.,...court is cognizant that the legal issue on remand is one of first impression in this circuit and,as such,would weigh in favor of recruiting counsel." (p 8 of 8,1-4). Appellant argues with the U S Court of Appeals,7th Cir.,that"first impressions"facilitate implicit bias to denigrate any pro se,ifp,writings;whereas,the Court trounced a former USDoJ Attorney (Trillo),for "...at worst misstates the law or at best is misleadingly ambiguous...."(Conley,OpOr ,26 Sep 2016, I,p.2, 4-6,and throughout,To wit.,p.5,Fn $^2$,"...particularly troubling."

Absent pro bono,or any,counsel,pltf/aplt has been denied access to favorable evidence,To wit.,Ex. 101,102,103; whereas,the LVA Counsel,Hart, despite redundant attempts to circumvent Disqualification,FRCP 28(c),did allege pltf had not responded to matters of earnings,i.a.,whereas,AFTER THREE YEARS THESE MATTERS ALLEGED BY HART WERE IRREFUTABLY VOIDED BY THE LAWFUL DEPOSITION BY M. Newman,To wit.,(25 Aug 2011),whereas,pltf HAD responded to the LVA Form 102,earlier buttressed by a documented letter to Vern Best,"I will accept the GS 11...",however pltf suffered damages, To wit.,the LVA did not supply the EEOC with Form Ex. 102,but somehow did cause Carlton Hadden to document,To wit.,Def's Exh. 2,p 5 Of 8,*7,"We find that the back pay period is from May 2,2004,through August 20,2008,i.e., from the effective date Complainant would have started, had he been non-discriminately hired to the effective date he declined the third offer of employment which complied with the Commission's order. The August 20,2008, date is arrived at as follows: the third offer gave Complainant 15 days to accept or decline,and additional time for the offer to arrive to Complainant."

Pltf DID SUBMIT FORM Ex. 102 to Amy Small,as received 19 Aug 2008;on 20 Aug 2008,To wit.,Dkt. 50,#1 (V. Best),AND #2,Job Offer Acceptance form."

Because of Hart's vehement obstructions,(pltf,as homeless)denied access to LVA Form,until 19 Aug 2008,DID NOT DECLINE THE GS 11 OFFER;To wit.,he (Hadden)apparently was-unknowledgeable,as to 20 Aug 2008 GS 11 acceptance) "...to the effective date he declined the third offer..." C. Hadden.

As New Evidence,this confusing Hadden-matters were prevented from pltf's favorable evidence by the Courts,et al.,and pltf/aplt duly,irrefutably, & evidentiarily,complied with LVA Form Ex. 102,whereas,Lillette Turner WAS ACTING UPON INCOMPLETE INFORMATION,when she submitted her 15 Aug 2008 letter which,through misdelivery to Menomonee Falls,Wi.,on 21 Aug 2008,was NOT in pltf's possessions,until 10 Sep 2008.

The opportunity to "...additional time for the offer to arrive to Compl -ainant.",apparently was extended because Hadden ALSO DID NOT HAVE LVA Ex. 102,GS 11,by pltf;as obstructed by Hart's deliberate attempts to have pltf perform unlawful acts violating FRCP 28(c),whereas,Harts illegal-conduct DID-OBSTRUCT pltf from Hadden's access to GS 11,Ex. 102.

IN EVIDENTIATORY DOCUMENTATION,Pltf's GS 11 (Ex. 102) WAS SIGNED ON 20 Aug 2008,provided the "...additional time for the offer to arrive to Com-plainant." (Hadden,at *7.,Def's Exh. 2,p 5 Of 8,Dkt 74-2.

Pltf COULD NOT BE FOUND TO BE NONCOMPLIANT WITH OFFER of 19 Aug 2008, pursuant to extant Ex. 102,to Small,for the fired Frausto. Pltf believed reasonable queries could be actioned,whereas,the younger,female (35,JC). was unlawfully-Excepted-Appointment-hired,but was illegally gifted a Step 5 salary step as unexperienced,AND THE Excepted Appointment WAS NOT the CAREER COMPETITIVE vacancy,AND IS SUMMARILY CORRUPT.

The pltf was demanded to begin at the Step 1 step,despite accoladed ex -periences by Interviewers (Cook/Diets),BUT UNLAWFULLY SUFFERED UNEQUAL PAY SLARY,and the EEOC perpetuated such unequalities in the absence of counsel for pltf,i.a.

THE EXTANT DOCUMENTATION,Re; GS 11,Ex. 102,DOES,IN REALITY,VACATE THE USDoJ's MOSJ,whereas pltf was to be retroactively salaried and placed by submittal of the LVA Form 102 (Appeal 0720060054)EEOC,OFO JOB OFFER. To wit.,"PLEASE CHECK ONE,SIGN AND MAIL BACK IN THE ENCLOSED STAMP ADDRESS -ED ENVELOPE GS 11 √YES,I ACCEPT THIS JOB OFFER." /s/Allen Bedynek Stumm 20August 2008. (Exh. 102,Dkt.50#1 AND DKT 76,#3,Job Offer,8/20/08).

Appellant argues, that, nowhere is found, any justification, To wit., EEOC Law; for the countermanding of its regulatory authority to allow first impressions to influence decisions, which supersede the documented rights of litigants to "Complainant's Right To File A Civil Action (S0900), (CRTFACA), and subsequent actions, To wit., Petition Of Enforcement, To wit., the Department of Veterans Affairs WAS NOT IN COMPLIANCE WITH THE INITIAL DECISION, EEOC 0720060054 2008 WL 559463 (Feb 20, 2008) WHEREAS THE Exh. 102 Form, material to the retroactive placement, WAS NOT RECEIVED during the pendencies, of Lillette Turner's Aug 15, 2008, erroneous fact of compliance, To wit., Exh. 102 (Dkt 50, including Exh. 101; and Exh. 103 which, irrefutably-attests, to Appellant's qualifications at GS 13, EXCEEDING Judge Conley's devaluing such evidence of Appellant's qualifications to reasonably advance beyond the GS 11, Readjustment Counseling Therapist.

Exh. 102 From, Local Veterans Agency (LVA) was unknown to Turner at the time of the erroneous compliance allegations, To wit., Appellant (Aplt) received, per Certified Mail, LVA Form, To wit., Appeal No. 0720060054, GS 11, ON 19 August 2008, and returned Form on 20 Aug 2008 to Amy Small for Patricia Frausto, who had been fired for gross incompetence, and summarily, was alleged, by S. Hoefing, to have "destroyed your records" upon Aplt's request for records within Frausto's files, To wit., Turner's letter of non-compliance, 15 Aug 2008; was NOT RECEIVED BY Aplts, UNTIL 10 Sep 2008, having been (said letter) misdelivered to Menomonee, Wi, i.e., Menomonee Falls, Wi., 52061 ON Aug 21, 2008.

Lillette Turner WAS UNAWARE AND NOT POSSESSED OF THE LVA Form, To wit., Exh. 102 (Dkt 50), AND Turner denied, Aplt's critical, material-evidence, of Aplt's earlier GS 11 placement, Ltr of 18 Apr 2008, To wit., "I will accept the GS 11....," whereas, Aplt was not provided the promotion within the SECOND OFFER, the ORM, Turner, found it to be defective, whereupon, the LVA issued Dkt 50 Form. res gestae prevails as Exhs 101, 102 & 103; Dkt 50.

Without even a shade-tree Counsel, Aplt has been denied, To wit., suffered Suppression Of Evidence which prompted the Appeal (USCoA 18 2978).

AGAIN, Lillette Turner's matters DID NOT CONSIDER THE EXTANT Exh. 102, WHEREAS, the Form WAS FIRST RECEIVED BY Aplt on 19 Aug 2008, and Turner's findings COULD NOT ENCOMPASS the 19 Aug 2008 Form (GS 11) BECAUSE IT WAS NOT IN THE POSSESSION OF THE Aplt, UNTIL 19 Aug 2008, and NOT PROVIDED BY THE LVA to Turner, ORM, et al. Aplt was denied material-evidence Form 102.

Turner's erroneous matters were mailed from ZipCode 20420 ON 18 Aug 2008, Aplt possessed it; Second Notice 3 Sep 2008; 10 Sep 2008.

ALREADY, Aplt had returned, Form ex. 102, on 20 Aug 2008 to the LVA*, Small. TURNER HAD NO LVA corroboration of Aplt's 20 Aug 2008 GS 11, Appeal cited.
Aplt submitted Ex. 102 to *Frausto; Best, OFO; Torres, ORM; Barnhart, OFO; Jones & McCallum, ORM, DVA, including the 18 Apr 2008 Best letter, GS 11 cites
S. Hoefing succeeded the fired Shinko's Excepted Appt. for JC's Step 5.

*pltf/aplt suffers abject poverty,isolation,pain,suffering,To wit.,Hart attempted attack pltf with wrongful deposition,To wit.,Disqualification FRCP 28(c),obstructing pltf from witnesses; anguish,& credible physical endangerment by Stalkers of a federal witness,to date,since 2004. Pltf/aplt is well aware of abusive mistreatment thereto,& LVA cover-up of converted backpay by Abe.

As pro,se,ifp.aplt reserves some license for "hyperbolic" responses, whereas,even counsels such as Antonio Trillo were *kicked-to-the-curb, Trillo was replaced by Blader,however here, aplt finds no lawful-excess to permit first impressions,which as states of mind,and not status of fact,are impossible to oppose as such nebulous,vascilliative,imperfect, and implicit of bias. Throughout the EEOC matters since April 2004,we find no authorizations for the implementation by Courts to overturn its statutory precedents of long standing,To wit.,the EEOC was extant prior to usages by Courts of first impressions to obstruct its Orders,and cited-recourses for litigants,To wit.,CRTFACA (Q0610),Madden,Director,OFO,where -Appeal 0120111340 15 Nov 2011,Request No. 0520110587-
--as pltf/aplt was informed "There is no further right of administrative appeal on the decision of the Commission on this request ."and entered ORDER,p 4, Implementation of The Commission's Decision (K0610),CRTFACA (Q0610) and Right To Request Counsel (Z0610), p 5 respectively. res gestae prevails.

Pltf/aplt was granted the irrefutable processes to file a Civil Action 26 Jan 2012 thereafter,explicit process of due process of law,and not to be countermanded or otherwise disrupted by defaulted Motion For Summary Judgment of 21 Aug 2020,whereas litigants have the unalienable right to possess deadline-determined-filings ON THE SAME DATE OF DEADLINE as do the Courts. There is no separate receipt for late filings to appellants, To wit.,late filings received by Courts everywhere are determined to be defaulted subject to dismissal,i.a. Here apltf was treated differently than date-certain filings possessions by the Court,To wit.,suffered pre-judice unrecoverable by tolling of time and actions of law engagement.

Aplt objects to the inscrutable first impressions as prejudicial to the fairness of judicial process,To wit.,Equal Access To Justice Act,i.a.

To wit.,to time bar EEOC's CRTFACA,precludes the right to exhaust the less-intricate administrative-resources,and as a lawful-resort,Court entry.

Until pltf/aplt received the ORDER compliance,To wit.,Ex. 102,no job offer was authentic,and pltf believed the right to contest the unlawful favoritism extended the younger,female (35,JC)an Excepted Appointment vs Career Competitive,which facilitated the illegal granting of a Step 5, despite criminal convictions incidental to work with combat veterans,vs Step 1 for an accoladed (experienced counselor),which defauded the United States Treasury of unmerited salaries,To wit.,ca. 8K minimum),who was fired in less than 1 year for incompetences,whereas pltf/aplt was violated by potentially criminal thefts of backpay check by Abe Rabinowitz,Finance, who,the VA Police found aplt to be credible re: Stalking by his accompliaces, To wit.,the VA Police recommended pltf/aplt seek Witness Protection....

Pltf/aplt has repeatedly petitioned the EEOC,et al.,to implement matters evidenced by Ex. 101 and 102,whereas,pltf's,docketed and documented,compliances with employment,To wit.,as early as 18 Apr 2008 to Vern Best,et al.,but had evidence suppressed as litigation became more conflagated. Even a shadetree counsel would have objected to the denial of due process of law,To wit.,pltf noticed that the LVA was not addressing the ex. 102 or the unlawful unequal pay for the pltf vs the younger female's aggrandized appointment to an OPM-contrary Excepted Appointment,which permitted covering-up her inexperience,but also did conceal the fact that the Excepted Appointment was not authorized for the Career Competitive vacancy.

Pltf was denied ex. 102,to date,whereas,it documents the requisite LVA Form GS 11,whereas,the Step 5 for the fired female was grossly exaggerated,i.e.,unmerited;and pltf's complaints thereto,resulted in the LVA, et al.,in succeeding to cover-up the extant Ex. 102,and that,the criminal scofflawing of FRCP 28(c) by Hart,as complained was upheld by Newman's 25 Aug 2011 Deposition,which evidenced,that, pltf had fully,and cooperatively,fulfilled any obligatory matters thereto.

Until such action by the EEOC,To wit.,cessation of administrative processes for litigants after an Initial Decision,To wit.,which would be denials of due process of law,litigants are authorized by eeoc's documentations which follow litigative process,to be provided as administrative actions, until no further administrative potentials remain,hence the EEOC's lawful notices,To wit.,CRTFACA (20610) of 15 Nov 2011.

The EEOC has not,to date,reversed any statutory authority,which would deny said CRTFACA it explicitedly documents upon its responses to Initial Decisions,Petitions for Enforcement,and Reconsideration Actions,i.a.

The Court itself,provided,To wit.,citation of VanDesande v US,673 F3d, 1342,1346,(Fed Cir 2012),whereas,"Thus,the regulations clearly do not confine enforcement actions to the EEOC,as the Government contends. Simply because an employee chooses to initially pursue enforcement through the EEOC does not preclude her from later seeking enforcement in a court of competent jurisdiction. (Conley,Opor,Excerpt,p. 5, and Fn2 further relates "Likely,these errors could reflect simple sloppiness on the part of the U S Attorney representing defendant,rather than attempt to exploit the pro se status of plaintiff...." p. 2,Op 6-7,whereas,Trillo was seeking to deny due process to pltf by "sloppiness" and malfeasance.

These matters reflect the extreme need for pro bono counsel,whereas, the obstructive tactics of Trillo,et al.,diverted attention from pltf's Exs. 101 & 102 as agreements to GS 11,with LVA Form of 20 Aug 2008.

Pltf/aplt has relied upon the EEOC's statutory authority as the supra jurisdictional law,i.a.,and is privileged to actionate all recourses as due process of law permits,To wit.,pursuant to EEOC's noticed decrees.

Pltf/aplt maintains,no extant jusirdiction supercedes the EEOC,i.a. The DVA,ad the Courts,demand too much specifities as USCoA attests.

NB- The abscondment,i.a.,of pltf's backpay check of six figures,by Abe Rabinowitz,et al., subjected pltf to homelessness,deprivation of parent care,& any electtronic technologies to cite case law (WestLaw),To wit.,no computer,InterNet,Cphone,TV,Cable)& unrelenting suffering...

12cv57wmc
18 2978 USCoA

Aplt asserts the extant 11 counse10contacts with Wm Morgan's 31 no-rep polling of Associates.

AND,documented the Lillette Turner matters,which were enroute from 15 Aug 2008 through pltf's possessions on 10 Sep 2008,whereas,the LVA's GS 11 Form had been received 19 Aug 2008 and returned 20 Aug 2008. Turner was not appraised,by the LVA,as to said Form as within its possessions, since at least 25 Aug 2008,allowing for the weekend of no mails.

Pltf was well within the 15 day allowance for responses thereto,having received the Certified Mail on 19 Aug 2008 (records are available to attest postal notices of both the LVA Certified Mail and Turner's.To wit., accepted 10 Sep 2008).

Lillette Turner's Subject: Petition for Enforcement,EEO Case No. 200 K 0810 2004102678,EEOC Appeal 0720060054,Comp. Trckg: 0620080335,ALSO documented,To wit.,p. 8,Right of Appeal,re: EEOC F573 (which was NOT INCLUDED resulting in pltf's deprivation for responses,when F573 was obtained per written request),To wit.,RTFCA,"This Final Agency Decision may be appealed within 30 calendar days of receipt."

Pltf filed appeal to VA Ofc of General Counsel (024)810 Vermont Av NW Washington,DC 20420,and Turner,further,"A civil action may be filed: Within 90 days of receipt of this final decision if no appeal to EEOC has been filed...."  cc'dRalph Torres,Dep Asst Sec. (024);J Jones;D McAllum.

The EEOC,OFO, ,"This Commission acknowledges receipt of the above referenced appeal on the date indicated." Filed 12/29/10  Barnhart,R.
The Commission will terminate the processing of the appeal if you file a civil action,in accordance with 29 CfR 1614.409."

## M A T T E R S  O F  R E L I E F

1) Aplt requests the USCoA apply Dkts 69,70 and 75;material to Motions To Dismiss Defendant's Defaulted Brief,to include Dkt 76&78Opposition Brief
2) LVA Counsel Hart did scofflaw,FRCP 28(a)(2) and 28(c)to harm pltf.
3) Pltf/aplt actionated rights granted by the EEOC,et al.,and NONE WAS UNTIMELY OR DISMISSED FOR MISAPPLICATIONS OF EEOC LAW/REGULATIONS.
4) Pltf/aplt has been prejudiced by erections of different standards of law favoring def's re: defaulted MoSJ disadvantaging pro se acumen.
5) Pltf's Ex. 101,102,& 103,remain as boiler plate evidence of GS 11 matters,including backpay U S Treasury check stolen from pltf by the Finance Office per fraudulent factitious address ,and accomplices at the Defense Finance & Accounting Office (DFAS),Abe Rabinowitz's alleged source for concealment of pltfs/aplts employment/employer status.
6) Despite official Discovery Requests FRCP 26;pltf HAS BEEN DENIED ALL FAVORABLE EVIDENCE,EVIDENTIARILY-MATERIAL,prejudicing CRTFACA,i.a.
7) The imposition of first impressions is not tenable or jurisdictional, whereas,objective evaluations of subjective motives is indeterminate.
8) Aplt enters def's Exhs 1 & 2,material to,Statement Of Rights-On Appeal Reconsideration (M0701) p. 4 of 5,CRTFACA (S0900)AND Ex. 2,p. 6 of 8,Statement Of Rights-On Appeal Reconsideration (M0610)AND p. 7 of 8, CRTFACA (Q0610) misfiled by def's as (T0610),Dkt 74 (08/21/2020).
9) MANIFEST INJUSTICES HAVE PREJUDICED Pltf/aplt,To wit.,Suppression Of Evidence leading to USCoA 18 2978 re:Exs. 101,102,103 & Theft of U S Treasury cehck by Finance Ofc(Abe Rabinowitz) by factitious pltf address.
10) Aplt requests the USCoA,7th;assume complete jurisdiction herewith.
11) Pltf/aplt objects to denial of counsel,re: "plaintiff utterly fails to distinguish the cases cited above or otherwise direct the court to any caselaw in support of his theory." AND "...whether the pro se litigant can coherently present (his case)to the judge or jury himself."   Id 655." p. 7 and 6 OpOr 01/07/2021 12cv57wmc.  USDoJ's Attnys as "sloppiness..."
12) Aplt requests USDC,7th,Wi.,to enter matters to USCoA,7th Cir.
13) Aplt requests Clerk of Courts,Peter Oppeneer; to ECF to albert bianchi @usdoj.gov, et al.  Per First Class Mails.this 8th day of January 2021 as Certificate of Service,i.a.,  Respectfully,/a/Allen Bedynek Stumm

cc